UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 21-20541 (JJT) |
| | ) | | |
| MANUEL R. SALINAS, | ) | | |
|     DEBTORS. | ) | CHAPTER | 7 |
| | ) | | |
| ANTHONY S. NOVAK, CHAPTER 7 | ) | | |
| TRUSTEE FOR THE ESTATE OF | ) | | |
| MANUEL R. SALINAS, | ) | | |
|     PLAINTIFF, | ) | Adv. Pro. Case No. | 21-02011 (JJT) |
| | ) | | |
| v. | ) | | |
| | ) | RE: ECF NO. | 21 |
| MANUEL E. SALINAS and | ) | | |
| CYNTHIA E. SALINAS, | ) | | |
|     DEFENDANTS. | ) | | |
| | ) | | |

**MEMORANDUM OF DECISION AND RULING ON**
**DEFENDANTS' MOTION TO DISMISS**

    Before the Court is a Motion to Dismiss the Complaint (ECF No. 21, the "Motion") filed by Manuel E. Salinas and Cynthia E. Salinas ("Defendants"). Anthony S. Novak, the Chapter 7 Trustee ("Trustee" or "Plaintiff") commenced this action on behalf of Manuel R. Salinas (the Chapter 7 bankruptcy "Debtor") against the Defendants by way of Complaint (ECF No. 1) asserting a single count for unjust enrichment. The Defendants, who are also the Debtor's children, moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the following reasons, the Defendants' Motion is granted, but the Trustee is granted leave to amend his Complaint.

**I. JURISDICTION**

    The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to

hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (O).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), allows a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "As the Supreme Court has explained, this standard creates a 'two-pronged approach' based on '[t]wo working principles.'" *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) ("*Pension Benefit*") (alteration in original) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678).

"First, although a complaint need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). "Although for the purposes of a motion to dismiss we must take all of

2

the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

"Second, '[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* quoting *Iqbal*, 556 U.S. at 679). "This 'facial plausibility' prong requires the plaintiff to plead facts 'allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 717–18 (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). "Importantly, the complaint must demonstrate 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. at 718 (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (alteration in original).

### III. BACKGROUND

#### A. The Complaint

The background information is derived from the allegations in the Complaint. The Trustee's Complaint asserts a single claim for unjust enrichment arising from the Debtor's transfer of his residence to the Defendants. The Trustee alleges that he brings the action on behalf of the Debtor under 11 U.S.C. § 541(a) and that he "has all of the assets, rights and claims of the Debtor as of the Petition Date." Compl. ¶ 16. The Debtor resides with his wife, Rosa

3

Salinas, at 12 Chasse Drive, East Windsor, Connecticut (the "Property"). *Id.* ¶ 7. The Trustee alleges that the Debtor and his wife "gifted" the Property to the Defendants for no consideration on November 3, 2016. *Id*. ¶ 13. At the time of the transfer, the Debtor and his wife owned the Property jointly. *Id.* ¶ 7. Despite the transfer of the Property to their children, the Debtor and his wife continue to reside at the Property and have paid all property tax bills, insurance, and maintenance expenses.[1] *Id.* ¶ 14.

Based on these factual allegations, the Trustee alleges that the Defendants, as the Debtor's children, are in a confidential relationship with the Debtor. *Id.* ¶ 18. Because the Defendants did not pay for the Property or any of its expenses, the Trustee alleges they received a benefit for which they did not pay. *Id.* ¶¶ 18–19. Further, because the transfer of the Property left the Debtor unable to pay his creditors, the Trustee alleges that "it would be inequitable to allow Defendants to retain the benefit of title to the Property for which they had not paid." *Id.* ¶ 21. The Trustee concludes his allegations with the following: "[w]hen property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest, the recipient is converted to a trustee for the benefit if [sic] the donor. Thus, the Court should impose a constructive trust on 50% interest in the Property that was conveyed to the Defendants." *Id.* ¶ 22. In his prayer for relief, the Trustee seeks damages as well as equitable relief in the form of a constructive trust imposed for the benefit of the Chapter 7 bankruptcy estate over the Debtor's one-half interest in the Property.

---

[1] The Complaint contains several paragraphs reciting the liabilities disclosed by the Debtor in his Schedules that were in existence on the Petition Date. Compl. ¶¶ 8–12, 17. The Trustee also alleges that the Property is not subject to a mortgage but is subject to a judgment lien dated July 22, 2020 in the amount of $2,083.71 in favor of Citibank, N.A., which arose from a suit against the Debtor. *Id.* ¶ 15.

### B. Procedural History

On May 28, 2021 (the "Petition Date"), the Debtor, Manuel R. Salinas, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee commenced this adversary proceeding by way of Complaint on December 8, 2021 (ECF No. 1) against the Debtor's children, Manuel E. Salinas and Cynthia E. Salinas. The Complaint states a single claim for unjust enrichment. The Defendants moved to dismiss the Complaint on March 10, 2022 under Fed. R. Civ. P. 12(b)(6) (ECF No. 21). The Trustee opposed the Motion on April 14, 2022 (ECF No. 27). The Defendants filed a reply brief on May 6, 2022 (ECF No. 28). The Court held a hearing on the Motion on June 15, 2022.

## IV. DISCUSSION

### A. The Trustee's Unjust Enrichment Claim is Not Subject to a Statute of Limitations

The Defendants argue that the Trustee's unjust enrichment claim is time-barred because the Trustee's Complaint "is an obvious attempt . . . to make an end run around the fraudulent transfer limitations period," which, they argue, has long since expired.[2] Defs.' Reply at 4, ECF No. 28. At the hearing on this matter, the Trustee acknowledged that the alleged facts supported a fraudulent transfer claim, but that he intentionally refrained from asserting that claim because he knew it was already time-barred under both state and federal law.[3] The Trustee argues that

---

[2] The Defendants contend that the facial allegations in the Complaint contain sufficient information to assess the timeliness of a fraudulent transfer claim in the context of a motion to dismiss because the Trustee has alleged the date of the Property transfer, which triggers the limitations period. Defs.' Mem. at 6. For the reasons expressed later in this decision, the Court does not need to address whether the statute of limitations for a fraudulent transfer claim has expired in order to address the instant Motion.

[3] The long list of liabilities disclosed by the Debtor in his Schedules, which the Trustee recites in his Complaint, relate more closely to a cause of action for fraudulent transfer, particularly a constructive fraudulent transfer where the plaintiff must show that the debtor was insolvent at the time the transfer was made. *See, e.g., Chorches v. Cath. Univ. of Am.*, No. 3:16-CV-1964 (MPS), 2017 WL 4638589, at *2 (D. Conn. Oct. 16, 2017) ("To prevail on an 11 U.S.C. § 548(a)(1)(B) constructively fraudulent transfer claim, the plaintiff must prove that: (1) the debtor was insolvent on the date that the transfer was incurred or became insolvent as a result of the transfer; (2) a transfer of that interest occurred within two years of the filing of the bankruptcy petition; (3) the debtor was insolvent at the

5

claims for unjust enrichment, as equitable claims, are not subject to a statute of limitations, but are instead subject to the defense of the doctrine of laches. Tr.'s Opp'n at 2, ECF No. 27. He maintains that the state and federal statutes of limitations applicable to fraudulent transfer claims do not impact the timeliness of his unjust enrichment claim. The Court agrees.

The Connecticut Supreme Court recently explained the equitable nature of unjust enrichment claims:

> [U]njust enrichment is not a legal claim sounding in either tort or contract—it is an equitable claim for relief. As an equitable claim, its timeliness is not subject to a statute of limitations but, rather, to the equitable doctrine of laches. In an action for equitable relief, a court is not bound to apply the statute of limitations that governs the underlying cause of action. In fact, in an equitable proceeding, a court may provide a remedy even though the governing statute of limitations has expired, just as it has discretion to dismiss for laches an action initiated within the period of the statute. Although courts in equitable proceedings often look by analogy to the statute of limitations to determine whether, in the interests of justice, a particular action should be heard, they are by no means obliged to adhere to those time limitations.

*Reclaimant Corp. v. Deutsch*, 332 Conn. 590, 613–14 (2019) (citations omitted) (internal quotation marks omitted). The *Reclaimant* case involved claims for unjust enrichment only; the plaintiffs did not assert any legal claims. *Id.* at 594. In the *Reclaimant* decision, the Court cited to *Certain Underwriters at Lloyd's, London v. Cooperman*, 289 Conn. 383 (2008) as one prior example where the Connecticut Supreme Court chose to look by analogy to the statute of limitations for similar legal claims. In *Certain Underwriters*, the Court found that the plaintiff's unjust enrichment claims were time-barred because they arose from the same set of facts supporting stale claims for statutory theft and conversion. *Certain Underwriters*, 289 Conn. at 411.

---

time of the transfer or became insolvent as a result of the transfer; and (4) the debtor received less than reasonably equivalent value in exchange for the transfer.").

Relying on *Reclaimant*, the Second Circuit overruled a district court decision dismissing certain equitable claims as automatically barred by the three-year statute of limitations for related tort claims. *Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 135 (2d Cir. 2021). The Second Circuit explained that *Reclaimant* recast *Certain Underwriters* "as having turned on a prudential rule designed to aid courts in applying the doctrine of laches." *Id.* at 134. "[B]y not considering whether the allegations underlying the plaintiff's equitable claim could have also supported a legal claim, the *Reclaimant* court implicitly confirmed that *Certain Underwriters* should not be read to announce a categorical rule that equitable claims are subject to the limitations periods applicable to analogous legal claims." *Id.*

The Second Circuit held that "*Reclaimant* did not limit this proposition merely to cases addressing only equitable claims. Rather, the proposition applies to any individual equitable claim regardless of whether the plaintiff also brings legal claims in the same suit." *Id.* at 134 n.4. Further, the Second Circuit pointed to *Reclaimant* and other decisions of the Connecticut Supreme Court in distinguishing certain causes of action that allow both legal and equitable *remedies*, such as a breach of contract claim seeking specific performance, where the court would enjoy concurrent legal and equitable jurisdiction and the statutory statute of limitations period applicable to the legal claim would likely apply to bar the equitable claim. *Id.* at 134 n.5.

The Second Circuit directed the district court to deny the defendants' motion to dismiss the equitable claims on remand unless it concluded that a meritorious defense of laches was available from the face of the complaint. *Id.* at 134. In making that determination, it advised the district court that it may, but was not required to, consider the limitations period applicable to the analogous legal claims, "but it should treat that period as simply one non-dispositive factor among many relevant to its ultimate decision." *Id.*

7

In applying these principles, this Court concludes that the Trustee's unjust enrichment claim, as a claim arising solely in equity, is not subject to any statute of limitations but is subject to the defense of the doctrine of laches. *See id.* at 135; *Reclaimant*, 332 Conn. at 613. The Court declines to find that the Trustee's unjust enrichment claim is automatically barred simply because the statute of limitations for a fraudulent transfer claim supported by the same factual allegations may have expired.[4]

"To prevail on the affirmative defense of laches, the defendants must establish, first, that there was an inexcusable delay and, second, that the delay 'prejudiced the defendant[s] . . . . The mere lapse of time does not constitute laches . . . unless it results in prejudice to the defendant[s] . . . . A conclusion that a plaintiff has been guilty of laches is one of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a conclusion inevitable as a matter of law.'" *Id*. at 614 (alteration in original). The Complaint, aside from alleging the date of the Property transfer and the Petition Date of the Debtor's bankruptcy case, does not contain sufficient allegations to determine whether the Trustee acted with "inexcusable delay" in bringing his claim such that the delay "prejudiced the defendants." *See id.* Accordingly, the Court's analysis stops here, as the defense of laches turns on factual issues outside the pleadings and, therefore, must be addressed on summary judgment or at trial. *See id.*

### B. The Trustee Has Failed to State a Plausible Claim for Unjust Enrichment

The Defendants make several arguments in support of their contention that the Trustee has failed to state a claim upon which relief may be granted. First, Defendants argue that the

---

[4] To be clear, the Court has not determined that the statute of limitations for a fraudulent transfer claim has, in fact, expired. Regardless of whether the Complaint contains sufficient allegations to make that determination, it is not necessary to decide that issue in ruling on the instant Motion. The point of the Court's decision is that, even if the statute of limitations had expired, it would not affect the timeliness of an equitable claim for unjust enrichment even where the equitable claim arises from the same set of facts.

Trustee's claim should be construed as asserting a cause of action for a constructive trust, which should be dismissed because it is not a recognized cause of action. Second, Defendants argue that the Trustee has failed to sufficiently allege that the Defendants were unjustly enriched. Defendants argue that the Trustee's allegation that the transfer of the Property was a "gift" precludes a finding that the Defendants were unjustly enriched. At the hearing, Defendants also argued that the Trustee failed to allege that the Debtor sustained a detriment because the only allegation in the Complaint that relates to that element speaks to the detriment incurred by the bankruptcy estate and the Debtor's creditors. The Court will address each argument in turn.

1. **Constructive Trust as Remedy**

The Court does not construe the Trustee's Complaint as attempting to recover on a cause of action for a constructive trust. The Court construes the Trustee's claim as one for unjust enrichment where the Trustee seeks imposition of a constructive trust as an equitable remedy. The Defendants' argument on this issue is sparse and does not identify any specific language in the Complaint. The Complaint plainly labels the claim as one for unjust enrichment and includes an allegation stating "[w]hen property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest, the recipient is converted to a trustee for the benefit if [sic] the donor. Thus, the Court should impose a constructive trust on 50% interest in the Property that was conveyed to the Defendants." Compl. ¶ 22. To the extent the Defendants were looking to this allegation, it contains a legal conclusion that the Court does not have to accept as a true factual allegation in the context of a motion to dismiss. *See Pension Benefit*, 712 F.3d at 717.

Otherwise, nothing in the Complaint indicates that the Trustee intended to assert imposition of a constructive trust as an independent, substantive cause of action. "[T]here is no

separate cause of action under Connecticut law for constructive trust, but rather a constructive trust is a remedial device designed to prevent unjust enrichment." *Cendant Corp. v. Shelton*, 474 F.Supp.2d 377, 383 (D. Conn. 2007) (citing *Giulietti v. Giulietti*, 65 Conn. App. 813, 856 (2001)). The only other reference to a constructive trust is found in the Trustee's prayer for relief, where imposition of a constructive trust is one of the remedies sought by the Trustee. Accordingly, the request for a constructive trust is no more than a prayer for relief sought by the Trustee as to his sole cause of action.

### 2. Plausibility

The Defendants rely on *Cooper v. Cavallero*, 2 Conn. App. 622, 626 (1984), as well as several cases outside this jurisdiction, for the proposition that a valid inter vivos gift prevents a finding of unjust enrichment. The Defendants maintain that this warrants dismissal of the Trustee's claim. The Trustee argues that the Defendants misinterpret *Cooper*, but also concedes that he did not intend to characterize the transfer as a gift. At the hearing, the Trustee requested leave to amend his Complaint to correct this allegation but has yet to file an amended pleading.

The Trustee's allegation that the transfer was a gift impairs the facial plausibility of his claim to such a degree that it cannot proceed in its current form. The Court notes, however, that *Cooper* is not dispositive. The issue before the Connecticut Appellate Court in *Cooper* was whether the trial court erred "in placing the burden of proof on the plaintiffs to establish a constructive trust" by clear and convincing evidence. *Cooper*, 2 Conn. App. at 623, 625. In making that determination, the *Cooper* court references the trial court's decision requiring the plaintiffs to prove by clear and convincing evidence that the transferred property was not intended as a valid inter vivos gift. *Id.* But the decision rests on whether the evidentiary burden of proof remained with the proper party, not on a substantive determination of whether a gift is a

10

complete defense to a claim of unjust enrichment. In fact, *Cooper* acknowledges that "circumstances which required equity to divest [the defendant] of his beneficial interest and to convert him to a trustee in order to prevent his unjust enrichment" can overcome a valid gift. *Id.* at 626.

The fact that a transfer of property was intended as a gift is an affirmative defense, but not a complete defense, to a claim of unjust enrichment. The Restatement (Third) of Restitution and Unjust Enrichment states that "[r]eceipt of a benefit at the expense of another is a necessary but not a sufficient condition of liability in restitution, because a person who receives a benefit is not necessarily obligated to pay for it." Restatement (Third) of Restitution and Unjust Enrichment § 2, Comment (b) (2011). This general rule recognizes that a valid gift is not a source of unjust enrichment, but the Restatement also recognizes that gifts induced by mistake, fraud, or undue influence present exceptions to this rule. *Id.*

In Connecticut, gifts from parent to child are also subject to an evidentiary burden-shifting mechanism. Where the nominal grantee is the natural object of the payor's bounty, a rebuttable presumption of a gift arises, rather than an intention of trust. *Farrah v. Farrah*, 187 Conn. 495, 500 (1982); *United States v. Snyder*, 233 F. Supp. 2d 293, 299 (D. Conn. 2002) (applying Connecticut law and citing *Walter v. Home Nat'l Bank & Trust Co. of Meriden*, 148 Conn. 635, 639 (1961)). The presumption is rebuttable if the opposing party presents evidence at trial sufficient to overcome the presumption. Accordingly, the question of whether a donor intends a transfer of property as a gift is ordinarily a question of fact reserved for trial. *Kukanskis v. Jasut*, 169 Conn. 29, 35 (1975).

The Trustee's allegation characterizing the transfer of the Property as a "gift" does not render his claim completely futile because a gift induced by fraud, mistake, or undue influence

11

could support a claim for unjust enrichment. The allegation does, however, downgrade the facial plausibility of the claim to a level that fails to meet the *Iqbal/Twombly* pleading standard under Fed. R. Civ. P. 12(b)(6). *See, e.g., Michel v. Yale Univ.*, 547 F. Supp. 3d 179, 193 (D. Conn. 2021) (applying Connecticut law and dismissing unjust enrichment claim where plaintiff alleged, in same count, the existence of a contract and breach thereof).

It is highly unlikely that the Trustee could succeed on a claim for unjust enrichment where he has unequivocally acknowledged that the transfer was a gift because it makes it incredibly difficult for the Trustee to show that the Defendants were unjustly enriched. As the Trustee himself admitted to the Court, he did not intend to use the word "gift" when describing the transaction and has no reasonable factual basis to make that allegation. Accordingly, the Trustee has failed to state a plausible unjust enrichment claim that meets the *Iqbal/Twombly* pleading standard under Fed. R. Civ. P. 12(b)(6).

### 3. Detriment to the Plaintiff

At the hearing on the Motion, the Defendants presented new arguments challenging the Trustee's ability to bring an unjust enrichment claim on behalf of the Debtor. The Defendants maintain that the Trustee is improperly focused on whether the bankruptcy estate and the Debtor's creditors suffered a detriment, instead of whether the Debtor himself, as the real Plaintiff, suffered a detriment. At issue is a single paragraph in the Complaint, which states "[s]ince the transfer of the Property has left the Debtor unable to pay his creditors, it would be inequitable to allow Defendants to retain the benefit of title to the Property for which they had not paid." Compl. ¶ 21. Defendants argue that an alleged detriment suffered by a debtor's creditors is insufficient to state a claim for unjust enrichment where state law requires that the detriment be incurred by the plaintiff, not by a third party.

The parties have not had a chance to brief this issue or fully argue it before the Court. As such, the Court declines to consider dismissal on these grounds until such time as the issue is properly placed before it.

## V.     CONCLUSION

Because the Trustee has failed to plead a claim for unjust enrichment with sufficient facial plausibility by alleging that the transfer of the Property was a gift, the Court hereby grants the Defendants' motion to dismiss the Trustee's sole claim under Rule 12(b)(6) without prejudice and with leave to replead within twenty-one days.

**IT IS SO ADJUDGED, ORDERED AND DECREED** at Hartford, Connecticut this 5th day of July 2022.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut