**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MANUEL R. SALINAS, | : | Case No. 21-20541 (JJT) |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| ANTHONY NOVAK, CHAPTER 7 TRUSTEE, | : | Adv. Proceeding No. 21-2011 |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| MAUEL E. SALINAS and | : | |
| CYNTHIA E. ANDERSON | : | |
| | : | August 19, 2022 |
| Defendants. | : | |

### **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Manuel E. Salinas and Cynthia E. Salinas (the "Defendants"), by and through their attorneys, Cohn Birnbaum & Shea P.C., pursuant to Fed. R. Bankr. P. 7012, incorporating Fed. R. Civ. P. 12(b)(1) and (6), hereby file this memorandum of law in support of their motion to dismiss the Amended Complaint [ECF No. 37] (the "Complaint") filed against them.

### I.    BACKGROUND

The Complaint alleges a single cause of action against the Defendants – unjust enrichment. After its jurisdictional allegations, the Complaint alleges the following factual predicate:

- The Debtor lives in a house (the "House") he previously owned with his wife. (*Complaint*, at ¶ 7).

1

- The Debtor's schedules show that he has continuously held six credit cards since no later than 2015. (*Complaint*, at ¶¶ 8 - 12).
- In 2016, the Debtor and his wife transferred the House for no consideration to the Defendants by way of a deed recorded on the East Windsor Land Records. (*Complaint*, at ¶ 13).
- The Defendants are the Debtor's children and have a confidential relationship with the Debtor. (*Complaint*, at ¶ 19).
- Since the transfer of the House, the Debtor paid the property tax bills, insurance and maintenance expenses for the House. (*Complaint*, at ¶ 14).
- The only encumbrance against the House is a judgment lien dated July 2020 that attempts to secure a judgment against the Debtor. (*Complaint*, at ¶ 15).
- On May 28, 2021 (the petition date), the Debtor had assets of $37,780.47 and liabilities of $69,991.80. (*Complaint*, at ¶ 18).

The Complaint alleges the following to establish the elements of unjust enrichment:

- Pursuant to 11 U.S.C. §541(a), the trustee has all of the assets, rights and claims of the Debtor as of the petition date (Complaint, at ¶ 16).
- The Defendants received a benefit when they received the House for which they did not pay (*Complaint*, at ¶ 20 - 21).
- The Debtor remains in possession of the property. (*Complaint*, at ¶ 22).
- The transfer of the Property has left the Debtor unable to pay his creditors. (*Complaint*, at ¶ 23).
- Equity and good conscience prohibit the Debtor's children from retaining the House and they are trustees for the benefit of the Debtor. (*Complaint*, at ¶ 24).

The Complaint fails to allege a cause of action.

**II.     ARGUMENT AND AUTHORITY**

*A.  The Standard for Granting a Motion under Fed. R. Civ. P. 12(b)(6).*

Fed. R. Civ. P. 12(b)(6) motions test the sufficiency of a pleading. Consequently, such motions compel an examination of whether the pleader performed its obligations under Fed. Civ. P. 8. Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim" showing that the plaintiff is "entitled to relief." *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

To survive a Fed. R. Civ. P. 12(b)(6) motion, a pleading setting forth a claim for relief must contain "enough factual matter (taken as true)" to "raise [the] right to relief above the speculative level." *Twombly*, 550 U.S. at 555, *accord Campo v. Sears Holding Corp.*, 635 F.Supp.2d 323, 327-29

2

(citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Although "detailed factual allegations" are not necessary, "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Two working principles underlie the *Twombly* standard. First, the reviewing court is not "bound to accept as true [any] legal conclusion couched as a factual allegation," *Iqbal,* 556 U.S. at 678. A*ccord Air Atlanta Aero Engineering Limited v. SP Aircraft Owner I, LLC*, 637 F.Supp.2d 185, 189-90 (S.D.N.Y.2009). Second, "only a complaint that states a plausible claim for relief survives" a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 679; *accord Air Atlanta Aero Engineering Limited*, 637 F.Supp.2d at 188-89 ("In assessing a motion to dismiss under Rule 12(b)(6), dismissal of a complaint is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face.") (*citing Iqbal*, 556 U.S. at 678); *In re Bally Total Fitness of Greater New York, Inc.*, 2009 WL 1684022 at *1 ("To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of plausibility.") (internal quotation marks omitted) (*citing Twombly*, 550 U.S. at 564).

"Judicial experience and common sense" will be required in determining the plausibility of a claim. *Iqbal*, 556 U.S. at 679. Fed. R. Civ. P. 8 is intended as a policy matter to weed out meritless cases prior to the commencement of discovery, thereby minimizing the expenditure of the judicial system's resources on such cases. *See Twombly*, 550 U.S. at 559-60. Pleaders must show that their allegations possess enough heft to establish an entitlement to relief and allege enough facts to raise their claims beyond the level of speculation and "nudge their claims across the line from conceivable to probable." *Twombly*, 550 U.S. at 570.

    B.  *Count One Does Not State a Cause of Action.*

Count One attempts to allege a cause of action for unjust enrichment. Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment. *In re Neri Bros. Constr. Corp.*, 593 B.R. 100, 153 (Bankr.D.Conn. 2018) quoting *Town of New Hartford v. Connecticut Resources Recovery Authority*, 291 Conn. 433, 451-52, 970 A.2d 592 (2009).

1. <u>The trustee has not alleged that the Defendants' failure to pay was unjust</u>.

The trustee alleges that the Defendants did not pay for a benefit they received, but the trustee does not allege that the Defendants failure to pay was unjust. Further, this Court cannot infer that the failure to pay was unjust from the allegations of the complaint.[1] The Complaint does not allege that the Defendants were obligated to pay for the benefit, or that the Debtor ever expected payment. The Complaint does not allege a mistake, duress, or undue influence. The trustee alleges no facts that support the application of an equitable remedy to the alleged transaction between two parents and their two children.

The Complaint fails "to offer factual allegations sufficient to render the asserted claim plausible on its face." *Air Atlanta Aero Engineering Limited*, 637 F.Supp.2d at 188-89. The Complaint fails to even provide "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. The trustee did not allege sufficient facts to state a cause of action because he does not have sufficient facts to support his alleged claim.

---

[1] Where the nominal grantee is the natural object of the payor's bounty, a rebuttable presumption of a gift arises, rather than an intention of trust. *Farrah v. Farrah*, 187 Conn. 495, 500 (1982); *United States v. Snyder*, 233 F. Supp. 2d 293, 299 (D. Conn. 2002)(applying Connecticut law and citing *Walter v. Home Nat'l Bank & Trust Co. of Meriden*, 148 Conn. 635, 639 (1961)). The trustee has not alleged a single fact to rebut the presumption of a gift, and no fact alleged in the Complaint creates the inference that the Defendants' receipt of the transfer of the House was "unjust."

2. <u>The trustee has not alleged any detriment to the Debtor</u>.

The trustee has not alleged that the Debtor suffered a detriment from the transfer. The trustee has not alleged that the Debtor was defrauded, made the transfer because of some mistaken belief, because of a mistake of fact or law, because he was incompetent or intoxicated, or because of undue influence. According to the trustee's complaint, the Debtor voluntarily and freely transferred the House to the Defendants. In such circumstances, equity provides no remedy. There is no allegation in the trustee's complaint that allows this Court to infer that the Debtor (as distinct from the Debtor's creditors) suffered a detriment in making the transfers.

3. <u>The trustee lacks standing to pursue the claims of creditors</u>.

If the Trustee seeks equitable relief because of a detriment to creditors, the trustee's unjust enrichment claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for failure to state a claim and for lack of standing. This Court cannot provide equitable relief to the trustee standing in the shoes of the Debtor (*see Complaint,* at ¶ 16).

If the trustee asserts that the Debtor engaged in some sort of misconduct (which he has not) to defeat the rights of his creditors, the doctrine of *in pari delicto* bars the trustee's claims. "The debtor's misconduct is imputed to the trustee because, innocent as he [the trustee] may be, he acts as the debtor's representative." *In re Bernard L. Madoff Inv. Sec. LLC*., 721 F.3d 54, 63 (2d Cir. 2013). In *Madoff,* the United States Court of Appeals for the Second Circuit dismissed a SIPC trustee's unjust enrichment claims on the doctrine of *in pari delicto*. *See also Wight v. BankAmerica Corp.,* 219 F.3d 79, 87 (2d Cir. 2000)("[B]ecause a trustee stands in the shoes of the [debtor] corporation, the *Wagoner* rule bars a trustee from suing to recover for a wrong that he himself essentially took part in.")

5

*In re Flanagan*, 415 B.R. 29 (D.Conn. 2009), dismissed a trustee's[2] claims because of the *in pari delicto* doctrine. In *Flanagan,* Judge Underhill found there was no issue of material fact that the debtor fraudulently created an entity (MJCC) to evade his creditors. Judge Underhill noted that the parties did not dispute that the debtor had no legal interest in MJCC and it was admitted that the debtor funded the purchase of property titled in the name of MJCC. *See In re Flanagan,* 415 B.R. at 41 and 45. Nevertheless, Judge Underhill dismissed the estate's unjust enrichment claims, holding as follows:

> Because the undisputed facts show that the debtor would only have had an equitable interest in the subject property if he had been acting to evade creditors, I agree with the Bankruptcy Court that, had the debtor sought to assert his equitable interest against the property's legal title-holders, a court sitting in equity would have refused to aid him as a party to an illicit transaction. Because the trustee, when acting on the debtor's rights and interests pursuant to 11 U.S.C. § 541, is subject to the same legal and equitable obstacles that the debtor would face, I hold that the *in pari delicto* doctrine prevents the trustee from successfully recovering the debtor's equitable interest on behalf of the estate, where the circumstances necessarily demonstrate that the equitable interest arose only because debtor fraudulently sheltered assets from creditors.

*In re Flanagan*, 415 B.R. at 34 (D. Conn. 2009). The trustee, standing in the Debtor's shoes, cannot prevail in equity against parties that allegedly acted in concert with the Debtor.

Absent an allegation of mistake, fraud, duress, or similar doctrine, the trustee fails to plead a viable equitable cause of action. The trustee cannot prevail if the Debtor acted voluntarily – no equitable remedy arises from the Debtor's knowing, voluntary acts. The trustee cannot prevail if the Debtor acted with the intent to avoid his creditors – such a claim is barred by the doctrine of *in pari delicto*.

---

[2] Although the plaintiff in Flanagan was an entity known as Titan Real Estate Ventures, LLC, the Court held, "There is no dispute that Titan's legal claims . . . arise solely from its August 2004 acquisition of the bankruptcy estate's rights and interests . . ." *In re Flanagan*, 415 B.R. at 42.

The Complaint must be dismissed.

### III. CONCLUSION

The trustee's complaint fails to state a cause of action. Alternatively, the trustee lacks standing to bring claims belonging to creditors.

WHEREFORE, Manuel E. Salinas and Cynthia E. Salinas request that the Complaint be dismissed.

                          MANUEL E. SALINAS
                          CYNTHIA E. SALINAS

                          By /s/ Timothy Miltenberger
                          Timothy D. Miltenberger (ct08874)
                          Cohn Birnbaum & Shea P.C.
                          100 Pearl Street, 12th Floor
                          Hartford, CT 06103
                          Main: (860) 493-2200
                          Tmiltenberger@cbshealaw.com

215577-V1/56041-001

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 19, 2022 a copy of the foregoing was filed electronically and will be sent by email to all parties by operation of the Court's electronic filing system to all appearing parties. Parties may access this filing through the Court's CM/ECF System.

/s/ Timothy D. Miltenberger
Timothy D. Miltenberger

215577-V1/56041-001