**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: ) | Case No. 21-20541 (JJT) |
| ) | |
| MANUEL R. SALINAS, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ANTHONY S. NOVAK ) | |
| CHAPTER 7 TRUSTEE FOR ) | |
| THE ESATATE OF MANUEL R. SALINAS ) | |
| ) | |
| Plaintiff, ) | Adv. Pro. Case No. 21-02011 (JJT) |
| ) | |
| v. ) | |
| ) | Re: ECF No. 37, 38, 39, 48 |
| MANUEL E. SALINAS and, ) | |
| CYNTHIA E. SALINAS ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF DECISION AND RULING**
**ON DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

Before the Court is a Motion to Dismiss filed by the Defendants, Manuel E. Salinas and Cynthia E. Salinas, in which they seek to dismiss the Amended Complaint (ECF No. 37, the "Amended Complaint") of the Plaintiff and Chapter 7 Trustee, Anthony S. Novak (the "Trustee"), under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 38, the "Motion".  The dispute centers around the Debtor's prepetition transfer of his home to his children, the Defendants.  The Trustee claims that this transfer unjustly enriched the Defendants to the detriment of the Debtor and his creditors.  Am. Compl. ¶¶ 16–17, 23.

The Debtor resides with his wife, Rosa Salinas, at 12 Chasse Drive in East Windsor, Connecticut (the "Property"). Am. Compl. ¶ 7. The Trustee alleges that on November 3, 2016, the Debtor and his wife transferred the Property to the Defendants for no consideration (the "Transfer"). Am. Compl. ¶ 13. The Transfer is recorded in Volume 0399, page 0106 of the East Windsor Land Records. Am. Compl. ¶ 13. At the time of the Transfer, the Debtor and his wife jointly owned the Property. Am. Compl. ¶ 7. Despite transferring the Property to their children, the Debtor and his wife continue to maintain possession of and reside at the Property, and have paid all its property tax bills, insurance, and maintenance expenses. Am. Compl. ¶¶ 7, 14, 22.[1] On May 28, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, almost five years after the Transfer. BR-ECF No. 1, Case No. 21-20541.

On December 21, 2021, the Trustee commenced this Adversary Proceeding on behalf of the Debtor by way of Complaint, in which he asserted a single count of unjust enrichment arising from the Transfer against the Defendants. ECF No. 1, the "Original Complaint".[2] The Defendants successfully moved to dismiss the Original Complaint under Federal Rule of Civil Procedure 12(b)(6), though the Court granted the Trustee leave to amend the Original Complaint. Mem. of Dec. and Ruling on Defs.' Mot. to Dismiss, ECF No. 35 (the "Original Decision"). On July 14, 2022, the Trustee filed the Amended Complaint on behalf of the Debtor as well as his creditors.[3] Like the Original Complaint, the Trustee asserts a single count of unjust enrichment.

---

[1] The Amended Complaint contains several paragraphs reciting the liabilities disclosed by the Debtor that were in existence as of the Petition Date. Am. Compl. ¶¶ 8–12, 15. The Trustee also alleges that the Property is not subject to a mortgage but rather to a judgment lien dated July 22, 2022, in the amount of $2.083.71 in favor of Citibank, N.A., which arose from a suit against the Debtor. Am Compl. ¶ 15.

[2] Background information as to the Original Complaint is incorporated by reference to the Original Decision.

[3] The Trustee asserts that he brings this Amended Complaint on behalf of the Debtor under 11 U.S.C. § 541(a) and that he "has all of the assets, rights and claims of the Debtor . . . .". Am. Compl. ¶ 16. He also asserts, pursuant to 11 U.S.C. § 544(a)(1)(A), that he "has the power and rights of a hypothetical judgment lien creditor . . . .". Am. Compl. ¶ 17.

Am. Compl. ¶¶ 16, 17, 24. The Trustee seeks damages, interest, and equitable relief in the form of a constructive trust imposed for the benefit of the Debtor's estate over one half of the value of the Property. Am. Compl. ¶ 23.[4]

On August 19, 2022, the Defendants once again moved to dismiss the Amended Complaint, this time under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Mot. 1. In response, the Trustee filed a memorandum in opposition to the Motion (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss, ECF No. 48 (the "Response")) on September 20, 2022, and after hearing oral arguments on October 13, 2022, the Court took the matter under advisement. For the reasons that follow, the Defendants' Motion is granted, and the Amended Complaint shall be dismissed with prejudice.

## II. JURISDICTION

The United States District Court for the District of Connecticut (the "District Court") has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. §§ 157(a), (b)(1) and the General Order of Reference of the District Court dated September 21, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(E), (O).

## III. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) is made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012(b). "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter

---

[4] Notably, the Trustee filed the Original Complaint approximately five years after the Transfer. At the time of filing, the statute of limitations for fraudulent transfer claims under both federal and state law had expired. *See* 11 U.S.C. § 548(a)(1) (two years); Conn. Gen. Stat. § 52-552(j) (four years).

3

jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Anderson v. Derby Bd. of Educ.*, 718 F. Supp. 2d 258, 264 (D. Conn. 2010); *In re Salvatore*, 586 B.R. 371, 374 (Bankr. D. Conn. 2018). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a . . . court may consider evidence outside the pleadings." *Morrison*, 547 F.3d at 170. "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (alteration in original) (internal citations and quotation marks omitted). By filing a complaint, the plaintiff asserts that the presiding court has subject matter jurisdiction — as such, the plaintiff has the burden of proving by a preponderance of the evidence that such jurisdiction exists. *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) is similarly made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012(b), and allows a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion to dismiss, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint "must [also] contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "creates a 'two-pronged approach' based on '[t]wo working principles.'"

4

*Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) ("*Pension Benefit*") (alteration in original) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678).

First, "although a complaint need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Second, "'[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "This 'facial plausibility' prong requires the plaintiff to plead facts 'allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 717–18 (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). "Importantly, the complaint must demonstrate 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 718 (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Determining whether a complaint states a plausible

claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (alteration in original).

IV.    **DISCUSSION**

    **A. The Trustee Has Not Pled Sufficient Facts to State a Claim for Unjust Enrichment on Behalf of the Debtor**

To advance a claim of unjust enrichment under Connecticut law, the Trustee must plead sufficient facts to allege that 1) the Defendants benefited from the Transfer; 2) the Defendants unjustly did not pay the Debtor for the benefits of the Transfer; and 3) the Defendants' failure to pay was to the Debtor's detriment. *Mujo v. Jani-King Int'l, Inc.*, 13 F.4th 204, 213 (2d. Cir. 2021) (citing *Vertex, Inc. v. City of Waterbury*, 278 Conn. 557, 572–74 (Conn. 2006). That said, the "ultimate question for courts assessing unjust enrichment claims is whether, under a given set of circumstances, the 'party liable, to the detriment of someone else, obtain[ed] something of value to which the party liable was not entitled[.]'" *Id.*, quoting *Town of New Hartford v. Conn. Res. Recovery Auth.*, 291 Conn. 433, 450–52 (Conn. 2009). The parties do not dispute that the Defendants benefited from the Transfer. The Court agrees with the Defendants, however, in that the Trustee has failed to plead sufficient facts to allege that the Defendants' failure to pay the Debtor for the Transfer was unjust and to his detriment. The Court will address each of these deficiencies in turn.

    **1. Defendants' Alleged Unjust Failure to Pay the Debtor**

The Defendants claim that the Trustee, based on the allegations made in the Amended Complaint, cannot infer that the Defendants were obligated to pay for the benefit of the Transfer, or that the Debtor expected any payment in consideration of the Transfer. Indeed, when a grantee is the natural object of the payor's bounty (e.g., offspring), a rebuttable presumption of a gift arises, as opposed to an intended trust. *See United States v. Snyder*, 233 F. Supp. 2d 293,

6

299 (D. Conn. 2002) (citing *Walter v. Home Nat'l Bank & Tr. Co. of Meriden*, 148 Conn. 635, 639 (Conn. 1961)).  In response, the Trustee merely repeats the factual allegations of his Amended Complaint: that the Debtor transferred the Property to the Defendants for no consideration while in considerable debt, while continuing to reside at the Property, and while paying for its expenses.  Although the Trustee claims this arrangement "contains the badges of an intentional fraudulent transfer . . . and a constructive fraudulent transfer [under Connecticut law]," Resp. 3, mere incantation of the badges of fraud, without additional factual allegations, is insufficient to rebut the Debtor's presumed donative intent in making the Transfer to his children, the Defendants.  *See Iqbal*, 556 U.S. at 678; *Walter*, 148 Conn. at 639.

Perhaps seeking a workaround to the presumption of donative intent, the Trustee also claims that "a constructive trust arises to prevent an unjust enrichment 'where a person who holds title is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.'"  Resp. 2 (quoting *Cohen v. Cohen*, 182 Conn. 193, 203 (Conn. 1980).  Citing *Cohen*, the Trustee contends that "to establish this form of unjust enrichment, [a plaintiff] must show the existence of a confidential relationship [i.e., a relationship of confidence and trust] between the parties and proof of an agreement to reconvey the Property or other evidence sufficient to warrant prevention of unjust enrichment."  Resp. 2 (citing *Cohen*, 182 Conn. at 203–04).  While the Court agrees that both the Debtor and the Defendants share a confidential relationship, *see Cohen*, 182 Conn. 203–04, the Trustee has not pled any facts to indicate the Defendants ever agreed to reconvey the property to the Debtor.  Nor, aside from the purported existence of the badges of fraud, has the Trustee pled any additional facts to show unjust enrichment.  For these reasons, the Trustee's claim of unjust enrichment on behalf of the Debtor must fail under Federal Rule of Civil Procedure 12(b)(6).

### 2. The Debtor's Alleged Detriment

In addition, the Defendants argue that the Debtor has not suffered a detriment resulting from the Transfer. As previously discussed, there exists a presumption of donative intent as to the Transfer, and because a gift is "the voluntary transfer of property to another *without compensation*," the Debtor naturally suffered a "detriment" in the strictest sense of the word. *Gift*, Black's Law Dictionary (11th ed. 2019) (emphasis added). The Debtor presumably never expected compensation in exchange for gifting the Property to the Defendants, and the Trustee has not pled a single fact to the contrary. Accordingly, the Trustee's claim of unjust enrichment on behalf of the Debtor must also fail under Federal Rule of Civil Procedure 12(b)(6).

### B. The Trustee Lacks Standing to Advance a Claim of Unjust Enrichment on Behalf of the Debtor's Creditors

The Amended Complaint alleges that the Debtor's creditors suffered a detriment as a result of the Transfer, in that the Transfer left the Debtor unable to pay his creditors.[5] *See* Am. Compl. ¶ 23. Having disposed of the Trustee's claim vis-à-vis the Debtor under Federal Rule of Civil Procedure 12(b)(6), the Court also finds that the Trustee lacks standing to pursue relief on behalf of the Debtor's creditors under Federal Rule of Civil Procedure 12(b)(1). The Defendants are correct that this Court cannot provide equitable relief to the Trustee, while acting on behalf of the creditors, under the doctrine of *in pari delicto*.

As a general matter, the doctrine of *in pari delicto* prevents a plaintiff who participated in an alleged wrongdoing from recovering damages from that very same wrongdoing.

---

[5] The Trustee alternatively claims creditors may pursue the Defendants since they suffered a detriment as a result of the Transfer. Resp. 3 (citing *Cendant Corp. v. Shelton*, 474 F. Supp. 2d 377 (D. Conn. 2007). The Trustee misunderstands the import of *Cendant* — in the context of unjust enrichment, that case merely stands for the proposition that "courts in equitable proceedings often look by analogy to the statute of limitations to determine whether, in the interests of justice, a particular action should be heard, [but] are by no means obliged to adhere to those time limitations." *Cendant*, 474 F. Supp. 2d at 383. The Court therefore finds *Cendant* inapplicable to its analysis.

*See Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306 (1985). In the context of a bankruptcy proceeding, this Circuit does not permit a trustee, who stands in the shoes of the debtor, to sue third parties to recover for wrongdoing the debtor allegedly participated in with those third parties. *See Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d. Cir. 1991) (articulating the so-called "Wagoner Rule"). Rather, the creditors themselves must pursue those malignant third parties for recovery. *Id.* at 120 ("claims against a third party for defrauding a corporation with the cooperation of management accrued to the creditors, not to the guilty corporation."). However, in this Circuit a trustee *can* bring suit against third parties and avoid the defense of *in pari delicto* for causes of action specifically granted to the trustee by federal statute, such as a fraudulent transfer action under 11 U.S.C. § 548. *See In re Stanwich Fin. Servs. Corp.*, 488 B.R. 829, 834 (D. Conn. 2013) ("When Congress has specifically granted the trustee the power to assert a fraudulent transfer claim, *Wagoner* is inapplicable — standing has statutorily been conferred.").

As pertains to the present matter, the Trustee has asserted that the Defendants unjustly benefited at the expense of the Debtor (and, by extension, the Debtor's creditors) from the Transfer. The Trustee has not pled any facts, however, to show wrongdoing on the part of either the Debtor or the Defendants. Moreover, assuming arguendo the Transfer constituted some form of wrongdoing by the Debtor and the Defendants, the Wagoner Rule precludes the Trustee from bringing suit against the Defendants. *See Shearson*, 944 F.2d at 118. The Trustee cannot salvage his claim under *Stanwich*, as the claim of unjust enrichment is an equitable claim — not a cause of action granted by Congress to the Trustee. *See In re Stanwich Fin. Servs. Corp.*, 488 B.R. at 834 For these reasons, the Trustee is barred from asserting a claim against the Defendants on behalf of creditors under Federal Rule of Civil Procedure 12(b)(1).

V. **CONCLUSION**

For the reasons stated herein, the Court finds that the Trustee's Amended Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The Court also declines to grant the Trustee further leave to amend or revise his Amended Complaint. The Trustee is barred from bringing suit on behalf of the creditors for lack of standing. Moreover, notwithstanding his tenacious pursuit of relief for the Debtor's estate, the Court cannot perceive any amendment that would cure one of the fundamental deficiencies of the Amended Complaint: namely, the Trustee appears unable to plead facts that would undermine the presumed donative intent of the Transfer. In such circumstances, denial of leave to amend is appropriate. *See Panther Partners Inc. v. Ikanos Commc'n, Inc.*, 681 F.3d 114, 118–19 (2d. Cir. 2012); *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d. Cir. 2012) (citing Fed. R. Civ. P. 15(a)(2)).

Though not necessary to dispose of this Adversary Proceeding, the Court believes it prudent to address the Trustee's use of an equitable claim in pursuit of an alleged fraudulent transfer otherwise time-barred by federal and state law. As previously detailed, both federal and state fraudulent transfer causes of action had expired as of the filing of the Original Complaint. *See* 11 U.S.C. § 548(a)(1); Conn. Gen. Stat. § 52-552(j). Conversely, as discussed in the Court's Original Decision, the equitable claim of unjust enrichment is "not subject to a statute of limitations but, rather, to the equitable doctrine of laches." Original Decision 8 (quoting *Reclaimant Corp. v. Deutsch*, 332 Conn. 590, 613–14 (Conn. 2019) (citations omitted (internal quotation marks omitted). Whether a defendant can successfully invoke the doctrine of laches is a fact-based analysis better addressed at trial — naturally, no clear statutory guidance is available to adjudicate the applicability of laches. *See* Original Decision 8. As such, a Trustee who succeeds in pursuing a fraudulent transfer claim by advancing a theory of unjust enrichment and

by defeating the defense of laches could well undo a transfer that occurred far beyond the federal and state statutes of limitation for fraudulent transfer claims. Though appreciative of the Trustee's creative pursuit of relief for the Debtor's estate, this Court cannot countenance a result that would so clearly fly in the face of both Congress and the state legislature's clear intent to ensure finality and predictability of both historic transfers and the law itself. *See, e.g.*, *Guar. Tr. Co. v. United States*, 304 U.S. 126, 136 (1938) ("The statute of limitations is a statute of repose, designed to protect citizens from stale and vexatious claims, and to make an end to the possibility of litigation after the lapse of reasonable time."); *see also Herget v. Cent. Nat'l Bank & Tr. Co.*, 324 U.S. 4, 7 (1945) ("The legislative background and history . . . are barren of any basis for concluding that Congress intended to make suits of this nature [(namely, fraudulent transfer actions)] subject to longer limitations . . . .").

The Trustee's Amended Complaint is accordingly dismissed with prejudice.

**IT IS SO ADJUDGED, ORDERED, AND DECREED** at Hartford, Connecticut this 16th day of March 2023.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut